Christina D. Frangiosa, Esq.
NEAL & MCDEVITT, LLC
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
Tel: 610.753.7108

Richard B. Biagi, Esq.
NEAL & MCDEVITT, LLC
2801 Lakeside Drive, Suite 201
Bannockburn, IL 60015
*Application for Pro Hac Vice Admission Forthcoming*

*Attorneys for Plaintiff,*
*InStep Health, LLC.*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| INSTEP HEALTH, LLC,<br><br>Plaintiff,<br>vs.<br><br>DOCEREE, INC.,<br>Defendant. | Case No. 2:26-cv-14895<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff InStep Health, LLC ("Plaintiff" or "InStep"), by and through its undersigned attorneys, files this Complaint against Defendant Doceree, Inc. ("Defendant" or "Doceree"), respectfully stating as follows:

## NATURE OF THE ACTION

1. This is an action for false designation of origin and unfair competition under the Lanham Act 15 U.S.C. § 1125 and New Jersey Revised Statute § 56:4-1. This action arises from Defendant's infringement of Plaintiff's PROVIDER SEQUENCES, SMART SEQUENCES and PREDICTIVE SEQUENCES marks.

2. Recently, long after Plaintiff first adopted its family of SEQUENCES marks, Defendant launched a product to compete directly with Plaintiff's products under the confusingly similar mark CARE SEQUENCE. Defendant's use of CARE SEQUENCE is likely to cause confusion with Plaintiff's family of SEQUENCES marks.

3. Plaintiff therefore seeks preliminary and permanent injunctive relief, monetary damages, an accounting and award of Defendant's profits, Plaintiff's damages, treble and enhanced damages where permitted by law, attorneys' fees, statutory damages, and such other and further relief as the Court deems just and proper.

## PARTIES

4. Plaintiff InStep Health, LLC is an Illinois limited liability company with its principal place of business at 111 Water Street, East Dundee, Illinois 60118.

5. Upon information and belief, Defendant Doceree, Inc. is a New Jersey corporation with its principal place of business at 150 John F Kennedy Pkwy, Suite 403, Short Hills, New Jersey 07078.

## JURISDICTION AND VENUE

6. This action arises under the Lanham Act, 15 U.S.C. § 1125 and the New Jersey Revised Statute § 56:4-1.

7. This Court has subject matter jurisdiction over the federal claim pursuant to 28 U.S.C. §§ 1331 and 1338.

8. This Court has subject matter jurisdiction over the New Jersey unfair competition claim pursuant to 28 U.S.C. § 1367 in that the New Jersey state law claim arises directly from the common nucleus of operative facts set forth in the federal claim.

9. Defendant has minimum contacts with New Jersey that satisfy due process considerations because Defendant resides in, or has its principal place of business in New Jersey; has continuously done business in New Jersey; markets and advertises its services in New Jersey; and advertises, distributes and sells its services in New Jersey—all of which includes use of the mark in issue. Plaintiff's claims arise from and relate to those contacts.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant resides in this District and because a substantial part of the events or omissions giving rise to the claims occurred in and through this District.

## FACTUAL BACKGROUND

11. InStep develops and provides brand engagement and healthcare marketing platforms that connect life science, pharmaceutical, and wellness brands with patients and healthcare providers, namely through its Next Best Action solutions.

12. Next Best Action is a term used in the life sciences marketing and communications field to refer to a program that delivers personalized experiences and targeted messages to healthcare providers.

13. In connection with its Next Best Action digital marketing solutions, InStep has used its PROVIDER SEQUENCES mark in commerce since at least as early as June 19, 2024, its SMART SEQUENCES mark in commerce since at least as early as March 16, 2026, and its PREDICTIVE SEQUENCES mark in commerce since at least as early as November 3, 2026.

14. InStep has continuously and exclusively promoted its digital marketing services under its PROVIDER SEQUENCES, SMART SEQUENCES and PREDICTIVE SEQUENCES marks (collectively, InStep's "Family of SEQUENCES Marks") through nationwide promotional

and sales activities including, but not limited to, conferences and tradeshows, direct business-to-business sales presentations, and online industry-wide press releases.

15. In the past twelve months alone, InStep has promoted its digital marketing services offered under one or more of its Family of SEQUENCES Marks at more than twenty-six industry conferences and tradeshows that attract prospective customers in the healthcare marketing space from across the United States. At these tradeshows, InStep met with prospective customers from across the country and promoted its digital marketing services offered under one or more of its Family of SEQUENCES Marks.

16. Through its extensive marketing and sales of its services, including those digital marketing services offered under its Family of SEQUENCES Marks, InStep is well-known in the healthcare and healthcare marketing industries.

17. Because of InStep's extensive use and promotion of its Family of SEQUENCES Marks, said marks have been seen by a substantial number of decision-makers in the pharmaceutical, biotechnology, and medical device industries, and those industry members associate these SEQUENCES-formative marks with InStep as the single source of these services.

18. InStep is the owner of U.S. Trademark Application, Serial No. 50077249, for the mark PROVIDER SEQUENCES, and U.S. Trademark Application, Serial No. 50077258, for the mark SMART SEQUENCES, both of which are pending before the United States Patent and Trademark Office.

19. Upon information and belief, on August 20, 2026, long after InStep began using one or more of the marks in its Family of SEQUENCES Marks, Defendant launched a point-of-care advertising platform to directly compete with InStep's services under the confusingly similar mark CARE SEQUENCE.

20. On August 28, 2026, and September 10, 2026, InStep's counsel sent a letter to Defendant advising Defendant of InStep's rights in the Family of SEQUENCES Marks and demanding that Defendant cease use of its CARE SEQUENCE mark in connection with digital marketing services.

21. On November 5, 2026, pursuant to Section 1(a) of the Trademark Act, 15 U.S.C. §1051(a), Defendant filed a trademark application with the United States Patent and Trademark Office for the mark CARE SEQUENCE POWERED BY DOCEREE for use in connection with "Computer programs, recorded, for database management of healthcare advertising and related products and services" in International Class 09; "Advertising services in the field of healthcare advertising of related products and services" in International Class 35; and, "Software as a service (SAAS) services featuring software using artificial intelligence (AI) for selecting, targeting, and delivering healthcare advertising for medications, pharmaceuticals, and healthcare related products and services" in International Class 42, said application having been assigned U.S. Trademark Application Serial No. 50201522 (the "'522 Application").

22. In its '522 Application, Defendant claimed that it commenced use of the CARE SEQUENCE POWERED BY DOCEREE mark on all goods and services listed in the '522 Application on October 16, 2026.

23. InStep objects to the filing of the '522 Application and intends to oppose said application with the Trademark Trial and Appeal Board at the USPTO as soon as the '522 Application is ripe for opposition.

24. SEQUENCE/SEQUENCES is the dominant element of InStep's Family of SEQUENCES Marks and Defendant's CARE SEQUENCE mark.

25. Defendant operates in the same industry as InStep, namely, point-of-care healthcare marketing.

26. Upon information and belief, despite InStep's demands to cease and desist, Defendant continues to make infringing use of the CARE SEQUENCE mark in connection with digital marketing services.

27. Defendant's unauthorized and infringing use of the CARE SEQUENCE mark is likely to cause confusion or to deceive potential customers who are likely to mistakenly assume that Defendant's services share a source or affiliation with, or enjoy the approval or sponsorship of, InStep. Defendant's acts constitute unfair competition under federal law, the laws of the State of New Jersey and the common law of the State of New Jersey.

## COUNT I
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
## 15 U.S.C. § 1125(a)

28. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 27 above and incorporates them herein.

29. Plaintiff owns rights in the Family of SEQUENCES Marks from its longstanding use of the marks in interstate commerce. InStep has extensively marketed and promoted the Family of SEQUENCES Marks such that healthcare providers and other life sciences customers know and recognize the SEQUENCES Marks and associate them distinctly with InStep and the high-quality services that InStep markets, sells, and provides. As a result, the Family of SEQUENCES Marks have acquired valuable goodwill and recognition throughout the United States.

30. Defendant has constructive and actual knowledge of Plaintiff's rights in the Family of SEQUENCES Marks, including because Plaintiff sent Defendant a cease-and-desist letter nearly three months ago.

31. Defendant's use of the CARE SEQUENCE mark is likely to cause confusion, mistake, or deception as to the origin of Defendant's products or the affiliation, connection, or association of Defendant with Plaintiff, or the sponsorship or approval of Defendant's services by Plaintiff.

32. As a result of Defendant's improper and infringing use of its CARE SEQUENCE mark, healthcare providers and other prospective life sciences customers are likely to believe that Defendant's services originate from Plaintiff, are provided in association with Plaintiff, or are sponsored or approved by Plaintiff when, in fact, that is not the case.

33. Defendant's actions constitute false designation of origin, false association, passing off, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. As a proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer irreparable harm to its business, goodwill, reputation, profits, and strength of its SEQUENCES Marks for which it has no adequate remedy at law.

35. Defendant's conduct has been willful in light of its prior direct and constructive notice of Plaintiff's rights in and to its Family of SEQUENCES Marks, as well as Defendant's continued use of the CARE SEQUENCE mark after receiving notice of Plaintiff's rights and demands.

36. Plaintiff is entitled to injunctive relief, an accounting and award of Defendant's profits, damages, treble damages to the extent permitted, costs, and attorneys' fees under 15 U.S.C. § 1117.

## **COUNT II**
## **VIOLATION OF N.J.S.A. § 56:4-1**

37. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 36 above and incorporates them herein.

38. Plaintiff has used its Family of SEQUENCES Marks throughout New Jersey and in interstate commerce in marketing, advertising, and sales to identify InStep as the source of the high-quality brand engagement and healthcare marketing services that InStep provides. Healthcare providers and other life sciences customers associate the origin of Plaintiff's brand engagement and healthcare marketing services under the Family of SEQUENCES Marks as being provided and sold by InStep.

39. Defendant is competing with InStep in the same industry and in the same geographical markets and/or geographical areas of the United States.

40. Defendant is using the CARE SEQUENCE mark in commerce in connection with the marketing, advertising, and sales of its point-of-care advertising platform.

41. Defendant's unauthorized and infringing use of Plaintiff's Family of SEQUENCES Marks is causing or is likely to cause confusion among life sciences customers as to the origin, sponsorship, or approval of Defendant's services.

42. Defendant's actions constitute unfair competition under New Jersey law.

43. As a proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer irreparable harm to its business, goodwill, reputation, profits, and strength of its SEQUENCES Marks for which it has no adequate remedy at law.

44. Plaintiff is entitled to a temporary and permanent injunction against Defendant, as well as all other remedies available, in an amount to be determined at trial.

## COUNT III
## COMMON LAW UNFAIR COMPETITION

45. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 44 above and incorporates them herein.

46. Defendant's unauthorized and infringing use of the CARE SEQUENCE mark as described above constitutes unfair competition in violation of the common law of the State of New Jersey.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant and grant the following relief:

A. Find that Defendant willfully violated Section 1125(a) of the Lanham Act, 15 U.S.C. §1125(a);

B. Pursuant to 15 U.S.C. § 1116 and NJ Stat. § 56:4-2, preliminarily and permanently enjoin Defendant and its officers, members, agents, employees, affiliates, successors, and assigns, and all persons in active concert or participation with them, from using the CARE SEQUENCE mark or any other mark confusingly similar to one or more of Plaintiff's Family of SEQUENCES Marks, in connection with any goods or services;

C. Enter an order requiring Defendant to remove the CARE SEQUENCE mark from all websites, social media accounts, online platforms, digital materials, marketing and advertising materials, and all other customer-facing content;

D. Pursuant to 15 U.S.C. § 1118, enter an order requiring Defendant to destroy or remove all materials in its possession, custody, or control that bear the CARE SEQUENCE mark or any other mark confusingly similar to one or more of Plaintiff's Family of SEQUENCES Marks;

E. Order an accounting and award to Plaintiff of all of Defendant's profits earned as a result of its unlawful conduct, together with damages suffered by Plaintiff, in an amount to be determined at trial, including treble damages to the extent permitted by 15 U.S.C. § 1117;

F. Pursuant to NJ Stat. § 56:4-2, that Plaintiff recover from Defendant all damages directly or indirectly caused to Plaintiff by Defendant's unlawful practices, trebled;

G. Order that, pursuant to 15 U.S.C. § 1117 Plaintiff be awarded monetary relief for Defendant's unauthorized and infringing actions, including (a) all profits received by Defendant from sales of its services, less only proven elements of cost or deduction; or, (b) all damages sustained by Plaintiff as a result of Defendant's actions (up to three times the amount of actual damages);

H. Enter an order finding that this is an exceptional case and an award to Plaintiff its reasonable attorneys' fees, together with costs and disbursements of this action, pursuant to 15 U.S.C. § 1117;

I. Pursuant to 15 U.S.C. §1116, order Defendant to file with this Court and serve on Plaintiff within thirty (30) days after issuance of an Order, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the Order;

J. Order an award of pre-judgment and post-judgment interest at the maximum rates allowed by law; and

K. For such other and further legal and equitable relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury in this action as to all issues so triable.

Respectfully submitted,

Dated: November 18, 2026

NEAL & MCDEVITT, LLC

By: s/Christina D. Frangiosa

Christina D. Frangiosa, Esq.
NEAL & MCDEVITT, LLC
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
Email: cfrangiosa@nealmcdevitt.com

Richard B. Biagi, Esq.
NEAL & MCDEVITT, LLC
Application for *Pro Hac Vice* Admission Forthcoming
NEAL & MCDEVITT, LLC
2801 Lakeside Drive, Suite 201
Bannockburn, IL 60015
Email: rbiagi@nealmcdevitt.com

*Attorneys for Plaintiff,*
*InStep Health, LLC.*

**CERTIFICATION PURSUANT TO L.R. 11.2**

I hereby certify in accordance with 28 U.S.C. § 1746 that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

s/ Christina D. Frangiosa
Christina D. Frangiosa